UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE WEIR,<br><br>      Plaintiff,<br><br>      v.<br><br>MATHEW ROY, et al.<br><br>      Defendants. | Case No.: 1:14-cv-01739 - --- - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS (Docs. 2, 6)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT (Doc. 7)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Archie Weir seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 against officers of the Bakersfield Police Department, Trans West Security and three of its employees, and Kern Medical Center. (Doc. 1 at 1, 3.) For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, because Plaintiff fails to state a cognizable claim, his complaint is **DISMISSED with leave to amend**.

**I.    Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's applications and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motions to proceed *in forma pauperis* are **GRANTED**.

1

## II.      Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.      Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. *Id.* However, legal conclusions are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV.     Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### V.     Factual Allegations

Plaintiff alleges the officers racially profiled him and "repeatedly beat [him] with fists, Battons, Feet over & over breaking Arms & Leg." (Doc. 1 at 3.) In addition, Plaintiff asserts that they used a taser "Again & Again." (*Id.*) It appears that Plaintiff asserts the security guards, police officers, and the hospital were in a conspiracy to "not say[]" what happened to Plaintiff, and witnesses falsified the police report. (*Id.*) Based upon these facts, Plaintiff asserts the defendants are liable for violations of his civil rights under the Fourth, Eighth, and Fourteenth amendments of the U.S. Constitution. (*Id.*)

///

**VI.     Discussion and Analysis**

     **A.     Factual deficiencies**

Although it is clear Plaintiff asserts at least some of the defendants used excessive force on him, it is unclear whether he believes all defendants used force upon him, or if he seeks to hold some liable for other reasons. Plaintiff fails to allege when and where the event occurred. Thus, Plaintiff fails to provide even basic information about his claims.

Further, Plaintiff fails to provide information that is necessary for the Court to determine what standards apply. For example, there are no facts related to whether Plaintiff was in custody, whether he was a convicted inmate or a detainee. To the extent Plaintiff asserts he was racially profiled, there are no facts related to Plaintiff's race, the race of the defendants, or any comments or actions that support a finding that the actions were racially motivated. Without such basic facts, the Court cannot find Plaintiff's allegations are sufficient to support his claims.

     **B.     Linkage requirement**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under Section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Here, Plaintiff does not identify the defendants who beat, kicked, or used a taser on him. As a result, Plaintiff fails to link any specific defendant with the alleged constitutional violations.

     **C.     Liability of a private party under Section 1983**

It appears that Plaintiff seeks to hold a private company and its employees liable under Section 1983. However, "Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity," and, as a result, the Court must examine whether Plaintiff has

sufficiently plead facts to support the allegation that Defendants were state actors. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted). In general, private parties are not state actors. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see also see also Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.") Consequently, the Ninth Circuit explained that "[w]hen addressing whether a private party acted under color of law, [the court] . . . start[s] with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999).

Here, there are insufficient facts for the Court to determine whether the defendants "acted 'under color of law,'" as is required to state a claim under Section 1983. *See Price*, 939 F.2d at 707-08; *Johnson v. Knowles,* 113 F.3d 1114, 1118 (9th Cir. 1997) (identifying four tests for the Court to determine whether a private party's actions implicate state action).

### D. *Heck* Bar

By reviewing the docket of the Kern County Superior Court, it appears that the incident which gave rise to the incident at issue may have occurred on June 11, 2014.[1] In that case (BF155524), on August 29, 2014, Plaintiff plead nolo contendere to a charge of reckless evading a peace officer (California Vehicle Code § 2800.2) and attempting to prevent an officer's performance of duty through threat or violence, (California Penal Code § 69).

When a complaint seeks damages in a § 1983 action and a judgment in the plaintiff's favor would necessarily imply the invalidity of the plaintiff's criminal conviction based upon acts upon which the § 1983 is premised, the action is barred unless the plaintiff demonstrates the conviction has been reversed. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the court system's records for filings in that court are subject to judicial notice.

element of the offense of which he has been convicted.' " *Cunningham v. Gates*, 312 F.3d 1148, 1153–54 (9th Cir.2002) quoting *Heck* at 487 n. 6.

Here, Plaintiff seems to allege that he did not resist the officers. However, in entering the plea to the charge of California Penal Code he has admitted that he attempted to obstruct the officers' lawful duties via threats or violence. Thus, in any amended complaint, Plaintiff must provide truthful factual allegation either that his conviction has been set aside through direct appeal or that the acts upon which his conviction is based are unrelated to the force used by the officers. Otherwise, his action will be barred by *Heck*.

### VII. Conclusion and Order

The Court must dismiss Plaintiff's complaint because it is nearly devoid of facts. The Court will grant Plaintiff an opportunity to file an amended complaint to address the deficiencies. *See Lopez*, 203 F.3d at 1130. Plaintiff is reminded that he is required to provide a short, plain statement of his case sufficient to give each defendant fair notice of the claims against them. *Iqbal*, 566 U.S. at 678.

The amended pleading must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires and amended complaint to be "complete in itself without reference to the prior or superseded pleading." As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

Finally, Plaintiff is informed that the filing of any motion to compel the production of documents or discovery related to his claims is premature.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motions to proceed in forma pauperis (Docs. 2, 6) are **GRANTED**;
2. Plaintiff's motions to compel medical records and the police report (Docs. 3, 4) are **DENIED without prejudice**;

3.  Plaintiff's motion to compel production of his prison funds is **DENIED AS MOOT** (Doc. 7);

4.  Plaintiff's Complaint (Doc. 1) is **DISMISSED** with leave to amend;

5.  Plaintiff **SHALL** file a First Amended Complaint within thirty days from the date of service of this Order; and

6.  <u>Plaintiff is advised that the action may be dismissed for failure to comply with this Order</u>. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **February 27, 2015**              **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE