1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 ARCHIE WEIR, | ) Case No.: 1:14-cv-01739 - --- - JLT |
| 12       Plaintiff, | ) ORDER DIRECTING THE CLERK TO ASSIGN A |
| 13       v. | ) UNITED STATES DISTRICT JUDGE TO THE ) ACTION |
| 14 MATTHEW ROY, et al., | ) |
| 15       Defendants. | ) FINDINGS AND RECOMMENDATIONS ) DISMISSING THE ACTION FOR PLAINTIFF'S ) FAILURE TO PROSECUTE AND FAILURE TO |
| 16 | ) OBEY THE COURT'S ORDERS |

17

18       Plaintiff Archie Weir initiated this action by filing a complaint against officers of the

19 Bakersfield Police Department, Trans West Security and three of its employees, and Kern Medical

20 Center.  (Doc. 1.)  Because Plaintiff has failed to prosecute this action and failed to comply with the

21 Court's order to file an amended complaint, the Court recommends the action be **DISMISSED**.

22 **I.        Procedural History**

23       The Court screened Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), and found Plaintiff

24 failed to state facts sufficient to support his claims for relief.  (Doc. 8.)  Therefore, the Court dismissed

25 the complaint with leave to amend on February 27, 2015.  (*Id.*)  Plaintiff was directed to file an

26 amended complaint within thirty days of the date of service.  (*Id.* at 7.)  Because Plaintiff did not file an

27 amended complaint, the Court ordered Plaintiff to show cause why the action should not be dismissed

28 for his failure to prosecute or, in the alternative, to file an amended complaint.  (Doc. 9.)  To date,

1   Plaintiff has failed to respond to the Court's orders.

2   **II.      Failure to Prosecute and Obey the Court's Orders**

3          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

4   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

5   and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent

6   power to control their dockets," and in exercising that power, a court may impose sanctions including

7   dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir.

8   1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to

9   prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258,

10  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

11  complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

12  comply with a court order).

13  **III.     Discussion and Analysis**

14         To determine whether to dismiss an action for failure to prosecute, failure to obey a court

15  order, or failure to comply with the Local Rules, the Court must consider several factors, including:

16  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

17  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

18  on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see*

19  *also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

20         In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's

21  interest in managing the docket weigh in favor of dismissal.  *See Yourish v. California Amplifier*, 191

22  F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

23  favors dismissal").  The risk of prejudice to the defendant also weighs in favor of dismissal, since a

24  presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See*

25  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the Court has an interest in

26  managing its docket, given that the Eastern District of California is one of the busiest federal

27  jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation.

28  Because Plaintiff has failed to file an amended complaint, despite its necessity for the matter to

1  proceed, the Court's interest in managing its docket weighs in favor of dismissal. *See Ferdik*, 963 F.2d

2  at 1261 (recognizing that district courts have inherent interest in managing their dockets without being

3  subject to noncompliant litigants).

4        In the order directing Plaintiff to file an amended complaint, he was "advised that the action

5  may be dismissed for failure to comply with this Order."  (Doc. 8 at 7, emphasis in original.)

6  Similarly, in the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice,

7  based upon a party's failure to prosecute an action or failure to obey a court order . . ."  (Doc. 9 at 1-2.)

8  Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's

9  orders, and his failure to prosecute the action.  The Court's warning to Plaintiff that his failure to

10  comply with the order would result in dismissal satisfies the requirement that the Court consider less

11  drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the

12  policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

13  **IV.    Order**

14        Good cause appearing **IT IS HEREBY ORDERED** that the Clerk of Court is DIRECTED to

15  assign a United States District Judge to this action.

16  **V.    Findings and Recommendations**

17        Plaintiff has failed to comply with the Court's orders dated February 27, 2015 (Doc. 8) and

18  April 7, 2015 (Doc. 9).  Further, by failing to file an amended complaint, Plaintiff has failed to

19  prosecute this action.

20        Accordingly, **IT IS HEREBY RECOMMENDED**:

21        1.        The action be **DISMISSED** without prejudice; and

22        2.        The Clerk of Court be DIRECTED to close this action.

23        These findings and recommendations are submitted to the United States District Judge assigned

24  to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

25  Practice for the United States District Court, Eastern District of California.  Within fourteen days after

26  being served with these findings and recommendations, Plaintiff may file written objections with the

27  court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

28  Recommendations."

3

1       Plaintiff is advised failure to file objections within the specified time may waive the right to

2 appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v.*

3 *Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

4

5 IT IS SO ORDERED.

6    Dated:  __April 27, 2015__          _____**/s/ Jennifer L. Thurston**

7                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28